Steven A. Groode, Bar No. 210500
sgroode@littler.com
Jannine E. Kranz, Bar No. 272389
jkranz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:   310.553.0308
Fax No.:      310.553.5583

Attorneys for Defendants
MEDLINE INDUSTRIES HOLDINGS, L.P. AND
MEDLINE INDUSTRIES, LP (formerly known as
"Medline Industries, Inc.")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJA NAIR, on behalf of herself and all other similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Practice Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>v.<br><br>MEDLINE INDUSTRIES, INC., an Illinois corporation; MEDLINE INDUSTRIES HOLDINGS, L. P., a Delaware limited partnership; MEDLINE INDUSTRIES, LP, an Illinois limited partnership; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:22−CV−00331−DAD-JDP<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND TO DISMISS ALL NON-INDIVIDUAL CLAIMS**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE DALE A. DROZD<br><br>Date:   November 15, 2022<br>Time:  1:30 p.m.<br>Courtroom: 4 |

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiff Is Not A Transportation Worker, And The FAA Applies To The Parties' Arbitration Agreement. ......................................................................... 2

    B. Labor Code § 220 Does Not Apply To A Putative Class Claim Or Plaintiff's Individual Claims. ............................................................................. 4

    C. The Arbitration Agreement Contains A Valid PAGA Waiver That Requires Plaintiff To Arbitrate Her PAGA Claim On An Individual Basis. .............................. 5

    D. The Remainder Of The Arbitration Agreement Also Requires Plaintiff To Arbitrate Her PAGA Claim On An Individual Basis ....................................................... 6

    E. Even If The Arbitration Agreement Were A Contract Of Adhesion And Offered On A Take It Or Leave It Basis, It Is Not Unconscionable And Must Be Enforced. .................................................................................................. 7

        1. The Arbitration Agreement Is Not Procedurally Unconscionable ................... 7

        1. The Agreement's Discovery Provision Does Not Render It Substantively Unconscionable. ............................................................. 8

    F. Viking River Is Clear That Plaintiff Lacks Standing To Maintain Representative PAGA Claims After Her Individual PAGA Claim Is Compelled To Arbitration, And The Representative PAGA Claim Must Be Dismissed. .................................................................................................. 10

    G. Plaintiff's Waiver Argument Is Frivolous. ........................................................ 11

III. CONCLUSION ............................................................................................................ 12

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION

i.

2:22−CV−00331−WBS−KJN

# TABLE OF AUTHORITIES

Page

**Cases**

*24 Hour Fitness, Inc. v. Super. Ct.*,
   66 Cal. App. 4th 1199 (1998) ...........................................................................................6

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995) ..........................................................................................................2

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
   24 Cal. 4th 83 (2000) ..........................................................................................1, 6, 7, 8

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) .......................................................................................................2, 7

*Bigler v. Harker Sch.*,
   213 Cal.App.4th at 736-37 (2013) ....................................................................................8

*Capriole v. Uber Techs., Inc.*,
   7 F.4th 854 (9th Cir. 2021) ...............................................................................................3

*Carmona v. Domino's Pizza, LLC*,
   21 F.4th 627 (9th Cir. 2021) .............................................................................................3

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001) .......................................................................................................2, 3

*Epic Systems v. Lewis*,
   138 S. Ct. 1612 (2018) ......................................................................................................7

*In re Grice*,
   974 F.3d 950 (9th Cir. 2020) .............................................................................................3

*Hall Street Assoc., LLC v. Mattel, Inc.*,
   128 S.Ct. 1396 (2008) .......................................................................................................9

*Hoeun Yong v. I.N.S.*,
   208 F.3d 1116 (9th Cir. 2000) .........................................................................................10

*Hughes v. S.A.W. Entertainment, Ltd.*,
   Case No. 16-cv-03371-LB, 2018 WL 4109100 (N.D. CA Aug. 29, 2018) ....................12

*Johnson v. Lowe's Home Centers*,
   No. 221CV00087TLNJDP, 2022 WL 4387796 (E.D. Cal. Sept. 22, 2022) ..................10

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION

ii.

2:22−CV−00331−WBS−KJN

# TABLE OF AUTHORITIES
(continued)

Page

*Kirby v. Immoos Fire Protection, Inc.*
   53 Cal.4th 1244 (2012) ................................................................................................................4

*Lane v. Francis Capital Mgmt. LLC,*
   224 Cal.App.4th 676 (2014) .....................................................................................................4, 5

*Mendoza v. QVC, INC.,*
   No. 520CV01595ODWKKX, 2021 WL 859998 (C.D. Cal. Mar. 8, 2021) .................................9

*Mohamed v. Uber Technologies, Inc.,*
   848 F.3d 1201 (9th Cir. 2016) ....................................................................................................9

*Morgan v. Sundance,*
   142 S.Ct.1709 (2022) ................................................................................................................11

*Muller v. Roy Miller Freight Lines, LLC,*
   34 Cal. App. 5th 1056 (2019) .....................................................................................................2

*Naranjo v. Spectrum Security Services, Inc.,*
   2022 WL 1613499 (May 23, 2022) ............................................................................................4

*Pearson Dental Supplies, Inc. v. Superior Court,*
   48 Cal.4th 665 (2010) .................................................................................................................6

*Performance Team Freight Systems, Inc. v. Aleman,*
   241 Cal. App. 4th 1233 (2015) ...................................................................................................2

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC,*
   55 Cal. 4th 223 (2012) ................................................................................................................1

*Riley v. Medline,*
   2020 WL 5944445 (E.D. Cal. 2020) .......................................................................................1, 8

*Roman v. Superior Court,*
   172 Cal.App.4th 1462 (2009) .....................................................................................................9

*Rosenthal v. Great W. Fin. Secs. Corp.*
   14 Cal.4th 394 (1996) .................................................................................................................7

*Sakkab v. Luxottica Retail N. Am., Inc.,*
   803 F.3d 425 (9th Cir. 2015) ......................................................................................................9

*Sanchez v. Carmax Auto Superstores California, LLC,*
   224 Cal. App. 4th 398 (2014) .....................................................................................................8

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION                         iii.                         2:22−CV−00331−WBS−KJN

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

# TABLE OF AUTHORITIES
(continued)

**Page**

*Southwest Airlines Co. v. Saxon*,
 142 S.Ct. 1783 (2022) ................................................................................................................. 3

*Vianna v. Doctors' Mgmt Co.*,
 27 Cal. App. 4th 1186 (1994) ...................................................................................................... 6

*Viking River Cruises v. Moriana*,
 142 S.Ct. 1906 (2022) ........................................................................................................ *passim*

**Statutes**

9 U.S.C.
 Section 1 .................................................................................................................................. 2, 3
 Section 2 ..................................................................................................................................... 2
 Sections 9, 10, 11 ....................................................................................................................... 9

California Business & Professions Code
 Sections 17200 et seq. ................................................................................................................ 4

California Labor Code
 Sections 201-203 .................................................................................................................... 4, 5
 Section 220 ................................................................................................................................. 4
 Section 226 ............................................................................................................................. 4, 5
 Section 229 ............................................................................................................................. 4, 5
 Sections 510, 1194, 1197, and 1198 .......................................................................................... 4

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION                    iv.                     2:22−CV−00331−WBS−KJN

## I. INTRODUCTION

Plaintiff Deja Nair ("Plaintiff") fails to provide this Court with any legitimate basis to deny Defendant Medline Industries, L.P.'s ("Medline")'s Motion to Compel Arbitration. Plaintiff signed an enforceable Arbitration Agreement that requires her to submit her employment-related claims against Medline to binding arbitration on an individual basis. The Agreement is subject to the Federal Arbitration Act ("FAA") and expressly requires claims be arbitrated on an individual basis only. And this Court has already interpreted this Agreement and determined that it contains an enforceable delegation clause. See *Riley v. Medline,* 2020 WL 5944445, *2 (E.D. Cal. 2020) (Nunley, J.).

To try and skirt the holding in *Riley*, Plaintiff tries to fit her circumstances into the transportation worker exemption of the FAA. However, Plaintiff's evidentiary showing is woefully short and ignores Medline's core function as a manufacturer of approximately 80,000 products – a far cry from an airline. Indeed, an interpretation that Plaintiff was a "transportation worker," effectively would take what is a narrow exemption and expand it so much so as to swallow the FAA's broad policy favoring arbitration.

Plaintiff's attack on the Private Attorneys General Act ("PAGA") Waiver also lacks merit. Plaintiff is required to arbitrate her PAGA claim on an individual basis only, and cannot proceed in court as to the non-individual, representative PAGA claim due to a lack of standing. *Viking River Cruises v. Moriana*, 142 S.Ct. 1906, 1924-25 (2022).

Plaintiff also points to her youth, lack of education or social-economic status as bases for finding the arbitration agreement unenforceable. However, under applicable California law, parties are bound by signed contracts whether they read or understand them. *See Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 236 (2012). Plaintiff fails to establish any unconscionability defense. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000).

Finally, Plaintiff's stay request as to the non-individual, representative PAGA claim is not warranted when there is already binding precedent in *Viking River* requiring dismissal.

Accordingly, this Court should grant Defendant's Motion.

DEFENDANT'S REPLY ISO MOTION TO COMPEL ARBITRATION  1.  2:22−CV−00331−WBS−KJN

## II. ARGUMENT

### A. Plaintiff Is Not A Transportation Worker, And The FAA Applies To The Parties' Arbitration Agreement.

The FAA applies to all arbitration agreements "involving commerce". 9 U.S.C. § 2. The FAA preempts all conflicting state laws that frustrate its purpose. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343-344 (2011). The term "involving commerce" is construed broadly and includes any activities "affecting" commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995).

Here, Plaintiff concedes that Medline's business affected interstate commerce. Instead, she latches onto the narrow transportation worker exemption, asserting that it applies to her as a *warehouse* worker.. (Opp. 3:1-27).

The FAA exemption set forth in 9 U.S.C. § 1 does not apply to *all* employment involving interstate commerce, instead, "Section 1 exempts from the FAA only contracts of employment of **transportation workers**." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (emphasis added); *see also Muller v. Roy Miller Freight Lines, LLC*, 34 Cal. App. 5th 1056, 1062 (2019) (recognizing Section 1 exemption "does not refer to *all* workers involved in foreign or interstate commerce, but rather only to 'transportation workers.'"). The burden of proving a Section 1 transportation worker exemption rests with the party opposing arbitration. *Performance Team Freight Systems, Inc. v. Aleman*, 241 Cal. App. 4th 1233, 1241 (2015). As Plaintiff admits, she "spent 100% of [her] time stacking pallets and wrapping them" for Medline, and not transportation work. (Dkt. 21-2, Nair Decl. ¶ 4). Plaintiff's opposition papers are woefully deficient of any evidence she performed transportation work that would qualify for the 9 U.S.C. § 1 exemption. She does not assert she was a truck or delivery driver or otherwise transported goods. Plaintiff does not provide any evidence that she was involved in the shipping of products or how products were shipped. Plaintiff's testimony confirms that her work duties were confined to the four walls of Medline's warehouse. (*Id.* ¶ 7.) Indeed, if Plaintiff's evidentiary showing were sufficient to satisfy the transportation worker exemption, it would so enlarge the exemption as to eviscerate the FAA as applied to hundreds of thousands of workers across the country whom Congress never intended to be exempt from the FAA's strong policy favoring arbitration of claims.

Plaintiff's citations to *Southwest Airlines Co. v. Saxon*, 142 S.Ct. 1783 (2022) and *Circuit City Stores* do nothing to support her argument. (Opp. 2:17-21.) In *Saxon*, the U.S. Supreme Court held an employee who "frequently loads and unloads cargo on and off airplanes that travel in interstate commerce … belongs to a 'class of workers engaged in foreign or interstate commerce' to which § 1's exemption applies." *Saxon*, 142 S.Ct. at 1793. The Court, however, rejected the contention that the transportation worker exemption should be applied to all employees of the airline. *Id*. at 1790-91 ("We therefore reject Saxon's argument that § 1 exempts virtually all employees of major transportation providers.").

The context of *Saxon* is important – it involved an airline – a business that is indisputably in transportation. Indeed, Southwest Airlines transports passengers as its fundamental core function and service offering.

In contrast, Medline first and foremost is a manufacturer of health care products. *See* Declaration of Eric Epperson ISO MTC Arbitration, ¶3. This is not just some "side-hustle" or incidental part of Medline's business. Medline manufactures approximately 80,000 different products and then arranges to have those products transported to customers, including through third-party transportation service providers, such as Federal Express and UPS. (*Id.*, ¶¶3,7.) If Plaintiff's interpretation were adopted, employees of virtually every manufacturer in the land would be considered a "transportation worker" solely by virtue of the fact that they handled products that ultimately were transported through interstate commerce. The holding of *Saxon* is not so broad.

Medline is not an airline, nor a transportation company. And Plaintiff did not transport goods interstate or otherwise. These circumstances simply are distinct from those cases finding an individual to be a transportation worker. For instance, in *Carmona*, drivers who actually *delivered* out-of-state goods to franchise locations of their employer were found to be exempt transportation workers. *Carmona v. Domino's Pizza, LLC*, 21 F.4th 627, 629-630 (9th Cir. 2021). Here, however, Plaintiff was not a delivery driver and has provided no evidence she had any *direct* involvement in goods being transported across state lines. *See Capriole v. Uber Techs., Inc.*, 7 F.4th 854 (9th Cir. 2021) (holding Uber drivers were not exempt under Section 1 because interstate transportation was not central part of job); *see also In re Grice*, 974 F.3d 950 (9th Cir. 2020) (the Section 1 "'exemption is . . . about what

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION     3.     2:22−CV−00331−WBS−KJN

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

the worker does,' and *not just 'where the goods [or people] have been*.'") (emphasis added).

### B. Labor Code § 220 Does Not Apply To A Putative Class Claim Or Plaintiff's Individual Claims.

Even if the Court were to determine that the Agreement is exempt from FAA coverage, Plaintiff incorrectly contends that her claims are exempt from arbitration by Labor Code § 229. (Opp. 4:1-9.) Section 229 states that "[a]ctions to enforce the provisions of this article for the collection of due and unpaid wages claimed by **an individual** may be maintained without regard to the existence of any private agreement to arbitrate." *Id*. (emphasis added). Accordingly, Labor Code § 229 only applies to a claim brought on an *individual basis* and cannot be used to circumvent a class waiver.

Section 229 only applies "if a cause of action seeks to collect due and unpaid wages pursuant to sections 200 through 244" of the Labor Code. *Lane v. Francis Capital Mgmt. LLC*, 224 Cal.App.4th 676, 684 (2014). Plaintiff's First Cause of Action for failure to pay all wages earned is pursuant to Labor Code sections 510, 1194, 1197, and 1198 (Dkt. #1-1, FAC ¶¶ 29-40), not "pursuant to sections 200 through 244", and is therefore excluded from Section 229's purview. Plaintiff's Sixth Cause of Action for violations of Business & Professions Code §§ 17200 et seq. also is clearly outside of that scope. (*Id.* ¶¶ 82-87.). In addition, Plaintiff's Second and Third Causes of Action are for purported failure to provide meal periods and rest breaks (*Id*. ¶¶ 41-66) also are also outside the scope of Labor Code § 229 because neither is an action for the "collection of due and unpaid wages" but, instead, they are actions "for a failure to provide mandated meal or rest breaks." *Lane,* 224 Cal.App.4th at 684; *see also Kirby v. Immoos Fire Protection, Inc.* 53 Cal.4th 1244, 1256–1257 (2012) ("[A] section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for nonprovision of meal or rest breaks."). The recent California Supreme Court decision in *Naranjo v. Spectrum Security Services, Inc.* did nothing to change this, as the Court reiterated that *Kirby* remains good law and distinguished "the nature of the underlying legal violation the action seeks to remedy" from the "form of relief that might be available to cure that violation." *Naranjo v. Spectrum Security Services, Inc.*, 2022 WL 1613499 *7-8 (May 23, 2022). Similarly, claims for failure to provide accurate itemized wage statements under Labor Code § 226 (Plaintiff's Fourth Cause of Action) and for waiting time penalties under Labor Code §§ 201-203 (Plaintiff's Fifth Cause of Action) have been held to be outside

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION                    4.                    2:22−CV−00331−WBS−KJN

the scope of Labor Code § 229 as well. *See Lane, supra*, 224 Cal.App.4th at 684. Labor Code § 226 wage statement claims are actions for statutory penalties, not wages. Furthermore, as the Court stated in *Lane*, to the extent a cause of action for waiting time penalties under Labor Code §§ 201-203 "could be interpreted to seek 'due and unpaid wages,'" then it is "duplicative" of a cause of action for unpaid wages. *Lane*, 224 Cal.App.4th at 684. Plaintiff's Section 229 arguments are without merit and should be disregarded.

### C. The Arbitration Agreement Contains A Valid PAGA Waiver That Requires Plaintiff To Arbitrate Her PAGA Claim On An Individual Basis.

Here, Plaintiff expressly agreed to arbitrate all disputes with Defendant in arbitration "***on an individual basis only.*** (Dkt. 15-3, Crampton Decl., ¶ 10, **Ex. C,** § 3(d)**,** p. 5.) To this end, the Arbitration Agreement contains a Private Attorney General Waiver that applies *only* to PAGA claims brought on behalf of the State or other employees, and *not* to individual PAGA claims. The Private Attorney General Waiver, provides, in pertinent part:

> Private attorney general representative actions brought *on behalf of the state* under the California Labor Code are not arbitrable, not within the scope of this Agreement and may be maintained in a court of law, but a claim Employee brings *on Employee's own behalf* as an aggrieved employee for recovery of underpaid wages (as opposed to a representative claim for civil penalties) is arbitrable**.**

(*Id.* **Ex. C**, § 3(d), p. 6.) Pursuant to *Viking River*, the Private Attorney General Waiver is fully enforceable because it is not a categorical waiver of the right to bring a PAGA action. Rather, the waiver explicitly distinguishes between representative PAGA actions brought on behalf of the state and other employees (which are not arbitrable) and individual PAGA actions brought on the employee's own behalf (which are arbitrable). *See id.* ("[B]ut a claim Employee brings *on Employee's own behalf* as an aggrieved employee for recovery of underpaid wages (as opposed to a representative claim for civil penalties) is arbitrable.") (emphasis added).

As set forth above, the distinction between individual and non-individual PAGA claims was explicitly endorsed by the Supreme Court in *Viking River*. Indeed, the Supreme Court recognized that representative PAGA actions (as distinguished from individual PAGA actions) are "poorly suited" to arbitration given the "higher stakes of [such] massive-scale disputes" and the "absence of multilayered

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION                         5.                         2:22−CV−00331−WBS−KJN

review in arbitral proceedings." *Viking River*, 142 S. Ct. at 1924. The Supreme Court further emphasized that parties who agree to arbitrate claims on an individual basis, as Plaintiff did here, *must be allowed to do so* and cannot be coerced into choosing between a judicial forum or an arbitral proceeding that far "exceeds the scope jointly intended by the parties." *Id.* Here, the Private Attorney General Waiver in the Arbitration Agreement permissibly distinguishes between representative (non-individual) PAGA claims and individual PAGA claims, and explicitly allows for arbitration of the latter. Accordingly, contrary to the Opposition's contention (Opp. 4:16-25), the Private Attorney General Waiver does not run afoul of *Iskanian's* prohibition on the "wholesale waiver" of PAGA claims, and pursuant to *Viking River*, Plaintiff must be compelled to submit her PAGA claim to arbitration on an individual basis only.

**D.     The Remainder Of The Arbitration Agreement Also Requires Plaintiff To Arbitrate Her PAGA Claim On An Individual Basis.**

Even if the Court were to conclude that the Private Attorney General Waiver in the Arbitration Agreement is unenforceable, the result remains the same: Plaintiff must submit her individual PAGA claim to binding arbitration. It is well established that a court may strike offending or unlawful provisions of an agreement in order to give effect to the agreement as a whole. *See e.g., Armendariz*, 24 Cal. 4th at 122; *24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1215 (1998); *Vianna v. Doctors' Mgmt Co.*, 27 Cal. App. 4th 1186, 1189 (1994); *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal.4th 665, 682 (2010). Consequently, should the Court determine that the Private Attorney General Waiver is invalid (which it is not), the proper remedy is to sever it from the Arbitration Agreement, while enforcing the remaining terms.

After severance, the remaining portions of the Agreement *still mandate* that "[b]oth Medline and Employee ... bring any dispute in arbitration **on an individual basis only**[.]" (Dkt. 15-3, Crampton Decl., ¶ 10, **Ex. C**, § 3(d), p. 5.) The foregoing language could not be more clear: Plaintiff must submit "*any*" dispute—including her present dispute for PAGA penalties—to arbitration "*on an individual basis only*." (*Id.*) Because *Viking River* makes clear that employers can require employees to arbitrate PAGA claims on an *individual* as opposed to *representative* basis, this language is fully enforceable. *Viking River*, 142 S. Ct. at 1925 ("[Defendant] was entitled to enforce the [arbitration]

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION                6.                    2:22−CV−00331−WBS−KJN

agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim.").

Accordingly, regardless of the enforceability of the Private Attorney General Waiver, Plaintiff's individual PAGA claim must be compelled to arbitration just as the plaintiff's individual PAGA claims were compelled to individual arbitration in *Viking River*

### E. Even If The Arbitration Agreement Were A Contract Of Adhesion And Offered On A Take It Or Leave It Basis, It Is Not Unconscionable And Must Be Enforced.

Plaintiff bears the burden of proving *both* procedural and substantive unconscionability by a preponderance of the evidence. *Rosenthal v. Great W. Fin. Secs. Corp.* 14 Cal.4th 394, 413 (1996) (the party opposing a petition to compel arbitration "bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense."). Mere unconscionability will not suffice; Plaintiff must show, and has here failed to do so, that the Agreement is "permeated" by unconscionability. *Armendariz*, 24 Cal. 4th at 122-123. Here, Plaintiff can demonstrate neither procedural or substantive unconscionability, and the parties' Arbitration Agreement must be enforced according to its terms.

#### 1. The Arbitration Agreement Is Not Procedurally Unconscionable.

Plaintiff argues that the Arbitration Agreement is procedurally unconscionable because it was offered on a "take it or leave it" basis, and she was not afforded "meaningful opportunity" to negotiate or reject the Agreement, (Opp. 8:6-9:4.) Essentially, Plaintiff argues that the Arbitration Agreement was a non-negotiable adhesion contract. (Opp. 9:5-10-7.) None of these arguments have merit.

Here, even assuming the Arbitration Agreement were offered on a "take it or leave it" basis, under the FAA mandatory arbitration agreements offered as a condition of employment are lawful and enforceable. *Epic Systems v. Lewis*, 138 S. Ct. 1612, 1622 (2018). The U.S. Supreme Court has rejected the notion that an agreement is unenforceable simply because it is a contract of adhesion or was the result of unequal bargaining power. See *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). The California Supreme Court has also expressly held that employers may unilaterally impose terms and conditions of employment, and the FAA demands this same rule must apply to arbitration agreements. *Asmus*, 23 Cal. 4th at 11, 15; see also *Concepcion*, 563 U.S. at 333 (2011). Accordingly, California courts routinely enforce adhesive, "take it or leave it," arbitration agreements. *Id.* at 129

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION          7.              2:22−CV−00331−WBS−KJN

(reversing trial denial of employer's motion to compel arbitration where the trial court found the agreement was a "take-it or leave-it contract … [with] no meeting of the minds"); *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 403 (2014) (enforcing an employer's arbitration agreement and holding that its adhesive nature was evidence of only "some degree of procedural unconscionability").  Even if the Agreement were a contract of adhesion, and there were unequal bargaining power, these factors do not render the Agreement so "replete with procedural unconscionability" as Plaintiff's Opposition contends. (Opp. 11:7). To the contrary, if any procedural unconscionability exists at all, it is not sufficient to render the Arbitration Agreement unenforceable.

### 1. The Agreement's Discovery Provision Does Not Render It Substantively Unconscionable.

The fact that there is no evidence of procedural unconscionability should be the end of the analysis. *Bigler v. Harker Sch.*, (2013) 213 Cal.App.4th at 736-37 ("[A] conclusion that a contract contains no element of procedural unconscionability is tantamount to saying that, no matter how one-sided the contract terms, a court will not disturb the contract.")  However, Medline also addresses Plaintiff's equally unsupported arguments that the parties' Arbitration Agreement is substantively unconscionable because of an allegedly "improper delegation clause," lack of mutuality, "one-sided discovery provisions," purported lack of "judicial review," and an "unreasonable" forum-selection clause. (Opp. 11:8-14:15.) These arguments are also meritless.

Substantive unconscionability relates to "the fairness of the agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Armendariz*, 24 Cal.4th at 89. None of those elements are present here. First, there is nothing unconscionable about the Agreement's delegation clause, which states that "any legal dispute or controversy arising out of, relating to, or concerning the formation, scope, validity, enforceability or breach of this Arbitration Provision shall be resolved by final and binding arbitration … and not by court or jury trial[.]" (Dkt. 15-4, ¶ 10, **Ex. C**, §3(d), pp. 4-5.)  As Plaintiff recognizes, this Court has already determined the delegation clause here is valid and not substantively unconscionable, and compelled arbitration in accordance with the same Arbitration Agreement. (Opp. 8:21-22); see *Riley v. Medline,* 2020 WL 5944445, *2 (E.D. Cal. 2020) (Nunley, J.). ("Put simply, parties can include a delegation provision in an arbitration agreement

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION           8.            2:22−CV−00331−WBS−KJN

1  that requires an arbitrator to decide gateway issues rather than the Court.")

2  Second, the Arbitration is indisputably mutual. It provides that **both parties** "agree to submit to final and binding arbitration all claims and/or disputes *either may have against the other*." (Dkt. 15-4, ¶ 10, **Ex. C**, §3(d), pp. 4-5.). Third, California courts routinely hold that similar discovery provisions are not unconscionable. In *Roman v. Superior Court,* 172 Cal.App.4th 1462 (2009), the court deemed an almost identical discovery restriction to that in the Agreement acceptable. *Id.* In *Roman,* the arbitration agreement at issue incorporated the AAA rules, which provided – as does the Agreement here – that the arbitrator had the authority to order discovery as he or she considered necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. *See id.* at 1475; *see also Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 438 (9th Cir. 2015) (relying on *Roman* and finding that "California law permits parties to arbitrate under the [AAA's] employment dispute resolution rules," which "give arbitrators broad authority to decide how much discovery is appropriate, consistent with the expedited nature of arbitration"). Likewise, California "courts routinely find that reference to AAA Rules for discovery does not create substantive unconscionability." *Mendoza v. QVC, INC.,* No. 520CV01595ODWKKX, 2021 WL 859998, at *3 (C.D. Cal. Mar. 8, 2021) (where arbitration agreement stated "[d]iscovery shall be allowed and conducted in accordance with the applicable AAA Rules," the court found "any discovery limitation is not substantively unconscionable," because the agreement "expressly incorporates the AAA Rules and requires discovery sufficient to adequately arbitrate claims"). As a result, the discovery provision in the Arbitration Agreement is not substantively unconscionable. Fourth, judicial review is inherent in the FAA, as it provides a court power to (1) confirm the arbitral award under Section 9; (2) vacate an arbitral award on grounds set forth in Section 10; or (3) correct or modify an award on grounds set forth in Section 11. 9 U.S.C. §§ 9, 10, 11; see also *Hall Street Assoc., LLC v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008). And fifth, the Ninth Circuit has rejected Plaintiff's argument that a forum-selection clause in an arbitration agreement is unconscionable – it is not. *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION             9.             2:22−CV−00331−WBS−KJN

**F.    *Viking River* Is Clear That Plaintiff Lacks Standing To Maintain Representative PAGA Claims After Her Individual PAGA Claim Is Compelled To Arbitration, And The Representative PAGA Claim Must Be Dismissed.**

Plaintiff argues that "the California Supreme Court's construction of standing [in *Kim v. Reins*] to bring a private attorney general claim trumps that of the United States Supreme Court in *Viking River Cruises*." (Opp. 5:6-7.) However, as exhaustively briefed in Medline's Motion (Mot. 16:3-19:8), under *Viking River,* Plaintiff loses standing to pursue representative PAGA claims after her individual PAGA claim is compelled to arbitration, and her representative PAGA claim must be dismissed. *Viking River* 142 S.Ct. at 1924-1925.

In recently dismissing representative PAGA claims after plaintiff's individual PAGA claim was compelled to arbitration, this Court held that "[a]bsent intervening California authority, the Court declines to question the Supreme Court's interpretation on this issue." *Johnson v. Lowe's Home Centers*, No. 221CV00087TLNJDP, 2022 WL 4387796, at *4 (E.D. Cal. Sept. 22, 2022) (Nunley, J.), citing *Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-1555-H-MSB, 2022 WL 4229305, at *4 (S.D. Cal. Sept. 12, 2022) ("The Court is disinclined to substitute its own interpretation of California state law in place of an interpretation set forth so recently by the Supreme Court."). This Court observed:

> The Supreme Court clearly set forth that non-individual PAGA claims should be dismissed once the individual PAGA claim is compelled to arbitration. *Viking River*, 142 S. Ct. at 1925 ("Moriana lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims."). Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's non-individual PAGA claims … [a]s there are no remaining claims before the Court, the Clerk of Court is directed to close the case.

*Id.* at *4-5.

Contrary to the Opposition's contention (Opp. 5:25-6:6), the California Supreme Court's review in *Adolph v. Uber Technologies, Inc.* (July 20, 2022, So. S274671), 2022 Cal. LEXIS 4066, at *1] does nothing to change the plain and unambiguous standing requirement of Section 2699(a) which mandates dismissal of the non-representative PAGA claims once Plaintiff is compelled to individual arbitration. Courts have consistently held that trial courts must continue to follow existing law pending a Supreme Court decision. *Hoeun Yong v. I.N.S.,* 208 F.3d 1116, 1119 (9th Cir. 2000). Here, neither the California Supreme Court nor any Court of Appeal has rendered an opinion on the standing issue

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION TO COMPEL ARBITRATION    10.    2:22−CV−00331−WBS−KJN

pending in *Adolph*. To the contrary, the underlying decision on review in *Adolph* was not published and made *no determination* as to whether a representative PAGA claim should be stayed or dismissed once the individual PAGA claim is compelled to arbitration, because it was decided before the U.S. Supreme Court issued its decision in *Viking River*. *Adolph,* 2022 Cal. LEXIS 4066. As a result, this Court must rely on existing case law and the plain language of Section 2699(a), which here compel dismissal of the representative PAGA claims.

### G.  Plaintiff's Waiver Argument Is Frivolous.

Plaintiff's entire argument regarding waiver rests on the notion that Medline "unreasonably delayed their attempt to enforce the arbitration for several months after Plaintiff filed suit." (Opp. 7:6-7.) Plaintiff conveniently omits that the Court approved the parties' joint stipulation to stay this action on April 1, 2022 (Dkt. 12), pending the U.S. Supreme Court's decision in *Viking River*. After the Court lifted the stay on July 18, 2022 (Dkt. 14), Medline did not delay and filed its Motion to Compel Arbitration on August 8, 2022 (Dkt. 15) after the parties' meet and confer process. Indeed, this case only had been pending in this Court for five and one-half months at the time Medline filed its Motion. 64% of that time the case was stayed. There simply is no waiver in this timeline.

Plaintiff's reliance on *Morgan v. Sundance*, 142 S.Ct.1709 (2022) is inapposite (Opp. 6:19-7:6), because Medline is not advocating a prejudice requirement for a showing of waiver. Further, the defendant in *Morgan* had participated in a mediation and brought a motion to dismiss before ever moving to compel arbitration. Here, there has not been any activity evincing that Medline availed itself of the litigation process.

Medline agrees with Plaintiff on one thing: no party has been prejudiced because there is no waiver here, and Medline's diligent pursuit of its right to compel arbitration is manifest in the timeline as detailed above.

Finally, it is well-settled that ***a party does not waive the right to compel arbitration when such a motion would be futile under existing law***. Medline did not move to compel arbitration sooner because, throughout the pendency of this case, California law precluded enforcement of Plaintiff's agreement to arbitrate her individual PAGA claims. Here, Medline has not waived its right to compel Plaintiff's claims to arbitration. Filing that specific motion earlier would have been futile under

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION
TO COMPEL ARBITRATION         11.                    2:22−CV−00331−WBS−KJN

*Iskanian,* which precluded the enforcement of an arbitration agreement as to a plaintiff's individual PAGA claims. The Supreme Court's ruling in *Viking River* provides the first opportunity for Medline to enforce the Arbitration Agreement between the parties, and Medline moved with urgency as soon as the opinion was issued. As such, there has been no waiver of the right to compel arbitration of Plaintiff's claims. *See Hughes v. S.A.W. Entertainment, Ltd.*, Case No. 16-cv-03371-LB, 2018 WL 4109100 at *2 (N.D. CA Aug. 29, 2018) ("there could be no waiver here because there was no existing right to arbitration at the time.").

## III.   CONCLUSION

For the reasons herein and as articulated in Medline's Motion, the Court should (1) order Plaintiff to arbitrate her individual claims and dismiss Plaintiff's class claims; (2) order Plaintiff to arbitrate her individual PAGA claim; and (3) dismiss any non-individual PAGA claims as dictated by the Supreme Court's decision in *Viking River* for want of standing.

Dated: October 3, 2022

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ STEVEN A. GROODE
Steven A. Groode
Jannine E. Kranz
Attorneys for Defendants
MEDLINE INDUSTRIES HOLDINGS, L.P. AND MEDLINE INDUSTRIES, LP (formerly known as "Medline Industries, Inc.")

4856-8220-1397.4 / 100115-1008

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S REPLY ISO MOTION TO COMPEL ARBITRATION   12.   2:22−CV−00331−WBS−KJN